UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STREAMLIGHT, INC.<br>30 Eagleville Road<br>Eagleville, PA 19403<br>      Plaintiff,<br><br>  v.<br><br>KNUCKLEHEADLED.COM,<br>96 North Main Street<br>Richfield, UT 84701,<br><br>VIDEOTRONIX & AUDIO INC.<br>96 North Main Street<br>Richfield, UT 84701,<br><br>ROBERT LAMBERS<br>310 200 E<br>Richfield, UT 84701,<br>      Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:   No. _____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff Streamlight, Inc. ("Streamlight"), by and through its attorneys RatnerPrestia for its Complaint against Defendants KnuckleHeadLED.com ("KnuckleHead"), Videotronix & Audio Inc. ("Videotronix"), and Robert Lambers ("Lambers"; collectively "Defendants"), alleges the following:

### NATURE OF THE ACTION

1. This is an action for (i) patent infringement under 35 U.S.C. § 271 *et seq.*, (ii) federal trademark infringement under the Lanham Act 15 U.S.C. § 1051 *et seq.*, (iii) federal unfair competition under 15 U.S.C. § 1125; (iv) trademark infringement under Pennsylvania common law; (v) unfair competition under Pennsylvania common law; and (vi) trade dress infringement under Pennsylvania common law.

2. Upon information and belief, Defendants have infringed each of the following U.S. Patents and Trademark Registrations assigned to Streamlight, along with the respective common law rights in the associated trademarks and trade dress:

    a. U.S. Patent No. 6,012,824 (the "'824 Patent");

    b. U.S. Patent No. 8,777,446 (the "'446 Patent");

    c. U.S. Patent No. D681,246 (the "'246 Patent"; with the '824 Patent and the '446 Patent, the "Asserted Patents");

    d. U.S. Trademark Reg. No. 3,894,722 for "KNUCKLEHEAD" (the "KNUCKLEHEAD Mark"); and

    e. Streamlight's trade dress for its KNUCKLEHEAD® light, in violation of the Lanham Act and Pennsylvania common law.

## THE PARTIES

3. Streamlight is a Delaware corporation having a principal place of business at 30 Eagleville Road, Eagleville, PA 19403.

4. Upon information and belief, Defendant KnuckleHead is an online business selling lights to residents of the United States, including Pennsylvania.

5. Upon information and belief, Defendant Videotronix is a Utah corporation having a current principal place of business at 96 North Main Street, Richfield, UT 84701.

6. Upon information and belief, Defendant Lambers is an individual residing at 310 200 E, Richfield, UT 84701.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116 and 1121, in that this action arises under the patent and trademark laws of the United States, and under the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. Upon information and belief, this Court has personal jurisdiction over Defendants because Defendants conduct business in this judicial district, and/or because Defendants have caused tortious injury to Streamlight in this judicial district and regularly do business in this judicial district.

9. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND
### Streamlight's Products

10. Streamlight has manufactured and sold portable lighting products since 1973.

11. Streamlight's products are sold in Pennsylvania, throughout the United States and throughout the world for a range of applications, including military, law enforcement, firefighting, first responders, safety, automotive, industrial, and sporting goods applications.

12. Streamlight sells a wide range of portable lighting products including gun-mounted lights, flashlights, penlights, lanterns, and headlamps.

13. Streamlight is the assignee and owner of the '824 Patent, entitled "FLASHLIGHT WITH ROTATABLE LAMP HEAD," which was duly and legally issued to Streamlight on January 11, 2000. A copy of this patent is attached as **Exhibit 1**.

14. Streamlight is the assignee and owner of the '446 Patent, entitled "PORTABLE LIGHT HAVING A ROTATABLE HEAD," which was duly and legally issued to Streamlight on January 15, 2014. A copy of this patent is attached as **Exhibit 2**.

15. Streamlight is the assignee and owner of the '246 Patent, entitled "PORTABLE LIGHT," which was duly and legally issued to Streamlight on April 30, 2013. A copy of this patent is attached as **Exhibit 3**.

16. Streamlight is the owner of the KNUCKLEHEAD Mark, registered on December 21, 2010, in International Class 11 covering "flashlights and parts therefor." A copy of this registration is attached as **Exhibit 4**.

17. Streamlight markets and sells at least one product, the KNUCKLEHEAD® light, covered by and marked with the patent numbers of the Asserted Patents in accordance with the requirements of 35 U.S.C. § 287.

18. Streamlight's KNUCKLEHEAD® lights include a distinctive and unique trade dress which identifies Streamlight as their source. This trade dress, owned by Streamlight, includes, by way of non-limiting example, a distinctive shape, contour, configuration, arrangement of features, profile, color scheme, and a distinctive black ring around the body and below the neck. This trade dress is inherently distinctive of Streamlight's KNUCKLEHEAD® lights, and is unique and valuable to Streamlight.

**Defendants' Infringement**

19. On information and belief, Defendants are in the business of importing, making, selling, offering for sale, using, and/or distributing products that infringe the Asserted Patents, as well as the KNUCKLEHEAD Mark and Streamlight's trade dress for its KNUCKLEHEAD® light.

20. On information and belief, Defendants have imported, manufactured, sold, offered for sale, used, and/or distributed one or more flashlights in connection with or bearing the word "KnuckleHeadLED."

21. Defendants advertise their KnuckleHeadLED flashlights by way of Defendant KnuckleHead's website, www.KnuckleHeadLED.com. A copy of Defendant KnuckleHead's website is attached as **Exhibit 5**.

22. On information and belief, Defendant Lambers appears in a video on Defendant KnuckleHead's website advertising and demonstrating the use of Defendants' KnuckleHeadLED flashlights.

23. On information and belief, Defendants have sold, caused to be sold, promoted, or advertised their KnuckleHeadLED flashlights in the Eastern District of Pennsylvania.

24. On information and belief, Defendants have sold, caused to be sold, promoted, or advertised their KnuckleHeadLED flashlights in the Eastern District of Pennsylvania by way of a website on Amazon, http://www.amazon.com/LED-Magnetic-Work-Light-articulating/dp/B00BNXN8SE/. A copy of the Amazon website advertising Defendants' KnuckleHeadLED flashlight is attached as **Exhibit 6**.

25. On information and belief, Defendants distribute their KnuckleHeadLED flashlights by way of Defendant Videotronix's Facebook page, www.facebook.com/radioshackrichfield/timeline. A copy of Defendant Videotronix's Facebook page showing distribution of the KnuckleHeadLED flashlight is attached as **Exhibit 7**.

26. On information and belief, Defendant Lambers is the president and/or owner of Defendants KnuckleHead and Videotronix.

4

27. On information and belief, Defendant Videotronix is the same entity as Defendant KnuckleHead, and/or is under common ownership and/or control.

28. On information and belief, Defendants have acted in concert in their operation of Defendant KnuckleHead's website, and in their sale of their KnuckleHeadLED flashlights via Defendant KnuckleHead's website and/or Amazon.

29. On information and belief, Defendants' KnuckleHeadLED flashlights infringe at least one claim of each of the Asserted Patents.

30. On information and belief, Defendants' marketing and sale of their KnuckleHeadLED flashlights causes and has caused confusion among consumers with respect to Streamlight's KNUCKLEHEAD® light.

## COUNT I
### (Patent Infringement - U.S. Patent No. 6,012,824)

31. Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. The '824 Patent is valid and enforceable.

33. Upon information and belief, Defendants have imported, manufactured, sold, offered for sale, used, and/or distributed in the United States, flashlights that fall within the scope of at least one claim of the '824 Patent, in violation of 35 U.S.C. § 271, *et seq*.

34. Upon information and belief, the acts of infringement by Defendants described above have been and continue to be intentional and willful.

35. Streamlight is entitled to damages as a result of the intentional and willful infringement by Defendants.

36. Defendants have caused irreparable damage to Streamlight by their acts of infringement described above and will continue their acts of infringement unless enjoined by this Court.

## COUNT II
### (Patent Infringement - U.S. Patent No. 8,777,446)

37. Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. The '446 Patent is valid and enforceable.

39. Upon information and belief, Defendants have imported, manufactured, sold, offered for sale, used, and/or distributed in the United States, flashlights that fall within the scope of at least one claim of the '446 Patent, in violation of 35 U.S.C. § 271, *et seq*.

40. Upon information and belief, the acts of infringement by Defendants described above have been and continue to be intentional and willful.

41. Streamlight is entitled to damages as a result of the intentional and willful infringement by Defendants.

42. Defendants have caused irreparable damage to Streamlight by their acts of infringement described above and will continue their acts of infringement unless enjoined by this Court.

## COUNT III
### (Patent Infringement - U.S. Patent No. D681,246)

43. Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. The '246 Patent is valid and enforceable.

45. Upon information and belief, Defendants have imported, manufactured, sold, offered for sale, used, and/or distributed in the United States, flashlights that fall within the scope of the design covered by the '246 Patent, in violation of 35 U.S.C. § 271, *et seq*.

46. Upon information and belief, the acts of infringement by Defendants described above have been and continue to be intentional and willful.

47. Streamlight is entitled to damages as a result of the intentional and willful infringement by Defendants.

48. Defendants have caused irreparable damage to Streamlight by their acts of infringement described above and will continue their acts of infringement unless enjoined by this Court.

### COUNT IV
### (Federal Trademark Infringement)

49. Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 48 of this Complaint, as if fully set forth herein.

50. Defendants have infringed the KNUCKLEHEAD Mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising of its KnuckleHeadLED flashlights, which are confusingly similar to the KNUCKLEHEAD Mark used in association with flashlights offered by Streamlight.

51. Defendants' acts are without permission or authorization of Streamlight and are likely to cause confusion, mistake and/or deception, and constitute trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114-1118.

52. Defendants' infringement is knowing, deliberate, and willful.

53. Defendants' infringement of the KNUCKLEHEAD Mark has caused actual confusion among consumers.

54. Defendants' acts have caused irreparable damage and injury to Streamlight and are likely to continue to cause irreparable injury to Streamlight unless Defendants are enjoined and restrained by this Court from further use in commerce of their KnuckleHeadLED name.

### COUNT V
### (Federal Unfair Competition/False Designation of Origin)

55. Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 54 of this Complaint, as if fully set forth herein.

56. Defendants' use in commerce of its KnuckleHeadLED name constitutes a false designation of origin and a false description, which falsely indicates that Defendants' products originated from or are affiliated with or are endorsed by Streamlight.

57. Defendants' use of their KnuckleHeadLED name is likely to divert business from Streamlight to Defendants, causing damage to Streamlight's business representation, image, and goodwill.

58. Defendants' acts constitute unfair competition, false designation of origin and a violation of 15 U.S.C. § 1125(a).

59. Defendants acts have caused irreparable damage and injury to Streamlight and are likely to continue to cause irreparable injury to Streamlight unless Defendants are enjoined and restrained by this Court from further use in commerce of their KnuckleHeadLED name.

## COUNT VI
### (Common Law Trademark Infringement)

60. Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 59 of this Complaint, as if fully set forth herein.

61. Streamlight has used and is the owner of the KNUCKLEHEAD Mark in the Commonwealth of Pennsylvania.

62. The use and advertising of the KnuckleHeadLED name by Defendants constitutes trademark infringement in violation of the common law of Pennsylvania and causes a likelihood of confusion, deception, and mistake.

63. Defendants' infringement is knowing, deliberate, and willful.

64. Defendants' acts have caused irreparable damage and injury to Streamlight and are likely to continue to cause irreparable injury to Streamlight unless Defendants are enjoined and restrained by this Court from further use in commerce of their KnuckleHeadLED name.

## COUNT VII
### (Common Law Unfair Competition)

65. Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 64 of this Complaint, as if fully set forth herein.

66. Defendants' use in commerce of their KnuckleHeadLED name is likely to divert business from Streamlight to Defendants, causing damage to Streamlight's business representation, image, and goodwill.

67. Defendants' acts have caused irreparable damage and injury to Streamlight and are likely to continue to cause irreparable injury to Streamlight unless Defendants are enjoined and restrained by this Court from further use in commerce of their KnuckleHeadLED name.

## COUNT VIII
### (Common Law Trade Dress Infringement)

68. Streamlight repeats and re-alleges each allegation contained in paragraphs 1 through 59 of this Complaint, as if fully set forth herein.

69. Streamlight's trade dress, as embodied in the KNUCKLEHEAD® light, is inherently distinctive in overall design and layout, and is non-functional.

70. Streamlight's trade dress, as embodied in the KNUCKLEHEAD® light, has become known by the public as indicative of the goods and services provided by Streamlight, and has acquired valuable goodwill belonging to Streamlight.

71. The use of Streamlight's trade dress and/or confusingly similar variations by Defendants on their KnuckleHeadLED light and on their website induces consumers to believe, contrary to fact, that the goods and services sold by Defendants are manufactured, provided, sponsored, or otherwise approved by, or connected with Streamlight.

72. The use of Streamlight's trade dress and confusingly similar variations by Defendants on their KnuckleHeadLED light and on their website is likely to cause confusion, mistake, or deception among customers, or prospective purchasers regarding Streamlight's trade dress and/or Streamlight's association with the goods provided by Defendants.

73. By its conduct, Defendants have infringed and continue to infringe Streamlight's trade dress under the common law of Pennsylvania.

74. Upon information and belief, Defendants' actions have been intentional, willful and deliberate.

75.     By reason of Defendants' actions, Streamlight has been substantially and irreparably harmed by Defendants' conduct, and will continue to be substantially and irreparably harmed unless Defendants are enjoined from infringing Streamlight's trade dress.

### PRAYER FOR RELIEF

In view of the foregoing, Streamlight asks that this Court grant relief as follows:

A.    For judgment that the Asserted Patents have been infringed by Defendants under 35 U.S.C. § 271;

B.    For judgment that such infringement was willful;

C.    For Defendants, their officers, agents, servants, employees, successors, assigns and all other persons in active concert or participation with any of them, to be enjoined from infringing the Asserted Patents;

D.    For an accounting of Defendants' profits and an assessment of Streamlight's damages to compensate Streamlight for Defendants' infringement of the Asserted Patents;

E.    For an assessment of treble damages against Defendants due to the deliberate, willful, and knowing nature of its infringement of the Asserted Patents under 35 U.S.C. § 284;

F.    For an award to Streamlight of its reasonable attorneys' fees under 35 U.S.C. § 285;

G.    For judgment that Streamlight's KNUCKLEHEAD Mark has been infringed by Defendants in violation of 15 U.S.C. §§ 1114-1118;

H.    For judgment that Streamlight's KNUCKLEHEAD Mark has been infringed by Defendants under Pennsylvania common law;

I.    For judgment that Defendants have committed acts of unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a);

J.  For judgment that Defendants have committed acts of unfair competition under Pennsylvania common law;

K.  For Defendants, their officers, agents, servants, employees, successors, assigns and all other persons in active concert or participation with any of them, to be permanently enjoined from use of any designation as a trademark, trade dress, service mark, or otherwise to market, advertise, or identify Defendants or their goods and services that is confusing similar to Streamlight's KNUCKLEHEAD Mark;

L.  For an accounting of Defendants' profits and an assessment of Streamlight's damages to compensate Streamlight for Defendants' infringement of Streamlight's KNUCKLEHEAD Mark;

M.  For an award of the amount by which Defendants have been unjustly enriched by confused consumers who have purchased Defendants' products under the belief that they were purchasing Streamlight's;

N.  For an assessment of treble damages against Defendants due to the deliberate, willful and knowing nature of their infringement of Streamlight's KNUCKLEHEAD Mark under 15 U.S.C. § 1117(b);

O.  For an award to Streamlight of its reasonable attorneys' fees under 15 U.S.C. § 1117;

P.  For judgment that Streamlight's trade dress has been infringed under Pennsylvania common law;

Q.  For Defendants, their officers, agents, servants, employees, successors, assigns and all other persons in active concert or participation with any of them, to be permanently enjoined from use of any confusingly similar trade dress;

R.  For an accounting of Defendants' profits and an assessment of Streamlight's damages to compensate Streamlight for Defendants' infringement of Streamlight's trade dress under Pennsylvania common law;

S.	For an award to Streamlight of its costs in this action plus interest on all monetary damages awarded; and

T.	For such other and further relief as this Court deems just and fair.

## DEMAND FOR JURY TRIAL

Streamlight hereby demands a trial by jury of all issues in this action so triable.

Respectfully submitted,

Dated: 2/12/15

_____
Benjamin E. Leace (Pa. No. 54281)
Andrew J. Koopman (Pa. No. 210026)
RatnerPrestia
1235 Westlakes Drive
Suite 301
Berwyn, PA 19312
(610) 407-0700
(610) 407-0701
bleace@ratnerprestia.com
akoopman@ratnerprestia.com

ATTORNEYS FOR PLAINTIFF,
Streamlight, Inc.